UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PAIGE BALLARD, | Case No. 2:14-CV-2058 JCM (PAL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BEST BUY STORES, L.P., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Paige Ballard's (hereinafter "plaintiff") motion to remand. (Doc. # 4). Defendant Best Buy Stores, L.P. (hereinafter "defendant") filed a response, (doc. # 8), and plaintiff filed a reply, (doc. # 9).

**I.  Background**

This is a personal injury case. Defendant is a Virginia limited partnership with its principal place of business in Minnesota. (Doc. # 7). Plaintiff is a resident of Clark County, Nevada. (Doc. # 7). Plaintiff tripped and fell over a frayed section of carpet at defendant's store. (Doc. # 7-2). She incurred multiple injuries including a torn rotator cuff on her left shoulder. (Doc. # 7-2).

On September 30, 2014, plaintiff filed a complaint in Nevada state court asserting causes of action for negligence and negligence per se. (Doc. # 7-2). She requested general damages in excess of $10,000.00; medical and incidental expenses; past and future lost earnings and earning capacity; loss of past and future household services; attorney's fees and costs; and other appropriate relief. (Doc. # 1-2). Defendant was served with the complaint on October 10, 2014. (Doc. # 1). On October 31, 2014, defendant filed its answer. (Doc. # 4-2).

**James C. Mahan**
**U.S. District Judge**

On or about November 20, 2014, plaintiff filed a petition for exemption from the Nevada mandatory arbitration program. (Doc. # 7-2). At that time, she reported her total medical expenses to be $48,764.00. (Doc. # 7-2). She also claimed damages for lost income and loss of past and future household services. (Doc. # 7-2). Accordingly, plaintiff stated that the case involves an amount in excess of $50,000.00. (Doc. # 7-2).

On December 9, 2014, defendant removed the case to this court. (Doc. # 1). On December 11, 2014, plaintiff filed the instant motion to remand the action to state court. (Doc. # 4).

**II.    Legal Standard**

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant removing a case to federal court has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**James C. Mahan**
**U.S. District Judge**

- 2 -

A defendant wishing to remove an action must generally file a notice of removal within thirty days of receipt of the initial pleading or service of summons. 28 U.S.C. § 1446(b)(2)(B). However, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III.   Discussion

Plaintiff makes two arguments in support of remand. The court will address them in turn.

*i.     Timeliness*

Plaintiff first asserts that defendant's notice of removal was untimely because it was not filed within thirty days of defendant's receipt of the complaint as required by 28 U.S.C. § 1446(b)(1). (Doc. # 4).

Defendant responds that it timely removed the instant action based on 28 U.S.C. § 1446(b)(3), because the case became removable only when plaintiff filed her notice of exemption from arbitration on November 20, 2014. (Doc. # 8). Defendant asserts that when it was served with plaintiff's complaint, plaintiff had reported only $10,441.00 in medical expenses. (Doc. # 8). Defendant's counsel filed an affidavit attesting to this fact. (Doc. # 8-3).

Plaintiff replies that defendant had knowledge of her damages as of the date of the complaint. (Doc. # 9). She claims that "the claim representative for Best Buy was aware by no later than May of 2014 that Plaintiff underwent an extensive shoulder surgery on May 16, 2013." (Doc. # 9). Plaintiff states that it was therefore "understood, if not expressly communicated, that Plaintiff's medical bills were much higher than $10,000.00." (Doc. # 9). Accordingly, plaintiff maintains that removal is no longer proper. (Doc. # 9).

Plaintiff provides no evidence in support of her assertion that defendant knew the extent of her medical damages at the time it was served with plaintiff's complaint. (Doc. # 9). Further, even if defendant's claim representative did know that plaintiff underwent surgery, plaintiff does not allege that she disclosed her $48,764.00 medical costs, or any other comparable costs, to defendant before November 20, 2014. (Doc. # 9). Plaintiff simply alleges that it was

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  "understood" that her medical bills greatly exceeded $10,000.00.  (Doc. # 9).

2  Based on the foregoing, the court finds that removal was timely.  Defendants were able to ascertain that plaintiff's case was removable only from the filing of her petition for exemption from arbitration.  (Doc. # 8).  Defendants complied with the relevant statutory provision allowing thirty days from this date to remove the action.  Accordingly, the case is not properly remanded on these grounds.

ii.  *Amount in controversy*

Plaintiff contends that "[a] Defendant must demonstrate more than a likelihood that the Plaintiff will recover more than $75,000.00; the Defendant must demonstrate that any amount less than $75,000.00 is outside the range of possible awards."  (Doc. # 4).

This language originates from an Eleventh Circuit case.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702 (citing this language).  *Burns* is not binding in the Ninth Circuit, where a different standard applies.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (holding that removing defendants must prove by a preponderance of the evidence that the amount in controversy requirement is met).

In this jurisdiction, a defendant is entitled to removal if it can demonstrate, by a preponderance of the evidence, that the amount in controversy requirement is met.  *See id.*  Defendant meets this standard in the instant case.  Defendant attached plaintiff's complaint and petition for exemption from arbitration to its notice of removal.  (Doc. # 1).

In her petition for exemption, plaintiff states that the amount in controversy for this case exceeds $50,000.00.  (Doc. # 8-4).  She provides an itemized list of her current medical costs, totaling $48,764.00.  (Doc. # 8-4).  Plaintiff also notes that she is seeking damages for lost income, loss of past and future household services, and attorney's fees.  (Doc. # 8-4).

Finally, plaintiff's complaint includes a request for general damages in an amount in excess of $10,000.00.  (Doc. # 1-2).  In conjunction with her request for general damages, plaintiff states that she "sustained severe injuries to her body, which caused her to suffer great

**James C. Mahan**
**U.S. District Judge**

- 4 -

pain of body and mind, some of which conditions are permanent and disabling . . . ." (Doc. # 1-2).

Based on the foregoing, it appears likely that plaintiff's total requested damages exceed $75,000.00. Plaintiff characterizes her injuries as permanent and disabling. Accordingly, she requests multiple categories of past and future damages, in addition to her $48,764.00 in medical costs. (Doc. # 8-4).

Further, plaintiff does not contend that she seeks less than $75,000.00. (Doc. # 4). Instead, she argues that the case should be remanded because defendant cannot show that an amount less than $75,000.00 is outside the range of possible awards. (Doc. # 4). As previously discussed, this is not the applicable legal standard.

By reference to plaintiff's filings, defendant has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Accordingly, plaintiff's motion to remand will be denied.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand, (doc. # 4), be, and the same hereby is, DENIED.

DATED January 27, 2015.

                                         /s/ James C. Mahan
                                         UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -